UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

LESLIE STOWE                                      CASE NO. 3:21-CV-00858

VERSUS                                            JUDGE TERRY A. DOUGHTY

MARCO OLIVER ET AL                        MAG. JUDGE KAYLA D. MCCLUSKY

MEMORANDUM RULING

Before the Court is a Motion for Summary Judgment [Doc. No. 13] filed on behalf of Defendants Marco Oliver ("Oliver") and Corrales Trucking, LLC ("Corrales").  No opposition has been filed on behalf of Plaintiff Leslie Stowe ("Stowe").

For the reasons set forth herein, the Motion for Summary Judgment filed by Oliver and Corrales is GRANTED.

I.      BACKGROUND

On February 26, 2021, Stowe, individually and on behalf of the Unopened Succession of James Haring, filed a Petition for Damages in the 5th Judicial District Court, Parish of Richland, suit number 48060-C [Doc. No. 1-1].  The Petition for Damages alleged that Stowe was the surviving parent of James Haring ("Haring") and sought damages resulting from the February 26, 2020 death of Haring.  The petition was removed to this Court on March 30, 2021 [Doc. No. 1].

During discovery, it was determined that Stowe was not the parent of Haring but was the mother of Haring's three children, Maci Stowe, Stevie Stowe, and Eli Stowe[1].  It was also determined that Stowe was not married to Haring[2].

---

[1] Plaintiff's Response to Defendants' Request for Admission #1 and #3 [Doc. No. 13-2].
[2] Plaintiff's Response to Defendants' Request for Admission #2 [Doc. No. 13-2].

Thereafter, based upon Louisiana Civil Code article 2315.1 and article 2315.2, Oliver and Corrales filed the instant Motion for Summary Judgment, maintaining Stowe is not included in the first class of beneficiaries for a wrongful death or survival action and that the claim has prescribed.

## II.    LAW AND ANALYSIS

### A.    Standard of Review

Summary judgment is appropriate when the evidence before a court shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a).  A fact is "material" if proof of its existence or nonexistence would affect the outcome of the lawsuit under applicable law in the case.  *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986).  A dispute about a material fact is "genuine" if the evidence is such that a reasonable fact finder could render a verdict for the nonmoving party.  *Id.*

 "[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting *Anderson*, 477 U.S. at 247).  "The moving party may meet its burden to demonstrate the absence of a genuine issue of material fact by pointing out that the record contains no support for the non-moving party's claim."  *Stahl v. Novartis Pharm. Corp.,* 283 F.3d 254, 263 (5th Cir. 2002).  Thereafter, if the non-movant is unable to identify anything in the record to support its claim, summary judgment is appropriate. *Id.*  "The court need consider only the cited materials, but it may consider other materials in the record."  Fed. R. Civ. P. 56(c)(3).

In evaluating a motion for summary judgment, courts "may not make credibility determinations or weigh the evidence" and "must resolve all ambiguities and draw all permissible inferences in favor of the non-moving party." *Total E & P USA Inc. v. Kerr–McGee Oil and Gas Corp.*, 719 F.3d 424, 434 (5th Cir. 2013) (citations omitted). While courts will "resolve factual controversies in favor of the nonmoving party," an actual controversy exists only "when both parties have submitted evidence of contradictory facts." *Little v. Liquid Air. Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). To rebut a properly supported motion for summary judgment, the opposing party must show, with "significant probative evidence," that a genuine issue of material fact exists. *Hamilton v. Segue Software, Inc*., 232 F.3d 473, 477 (5th Cir. 2000) (emphasis added). "'If the evidence is merely colorable, or is not significantly probative,' summary judgment is appropriate." *Cutting Underwater Tech. USA, Inc. v. Eni U.S. Operating Co*., 671 F.3d 512, 517 (5th Cir. 2012) (quoting *Anderson,* 477 U.S. at 248).

Relatedly, there can be no genuine dispute as to a material fact when a party fails "to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp.,* 477 U.S. at 322-23. This is true "since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id*. at 323.

### B.    Wrongful Death and Survival Actions

Louisiana Civil Code articles 2315.1 and 2315.2 set forth exclusive classes of persons who are entitled to bring a wrongful death and a survival action as follows:

(1)    The surviving spouse and child or children of the deceased, or either the spouse or the child or the children.

(2)    The surviving father and mother of the deceased, or either of them, if he left no spouse or child surviving.

(3)     The surviving brothers and sisters of the deceased, or any of them, if he left no spouse, child, or parent surviving.

(4)     The surviving grandfathers and grandmothers of the deceased, or any of them, if he left no spouse, child, parent, or sibling surviving.

Stowe, who has been shown to be the mother of Haring's children, and who was not married to Haring, is not one of the classes of beneficiaries Louisiana law allows to bring a lawsuit.  Therefore, Stowe has no standing and/or is specifically excluded by law from being allowed to bring a wrongful death or survival action for Haring's death.

Defendants Oliver and Corrales are entitled to summary judgment.

**C.     Prescription**

Both Louisiana Civil Code articles 2315.1 and 2315.2 state the survival action and the wrongful death action prescribes one year from the death of the deceased.

Haring was alleged to have died on February 26, 2020.  The suit was filed in Richland Parish by Stowe on February 26, 2021.  Although the suit was actually filed on the last day of the prescriptive period, Defendants argue that because Stowe is not the proper party to bring this lawsuit, her filing of the Petition for Damages does not interrupt prescription.

This Court believes the Defendants' argument is correct.  In *Lucarelli, ex rel. Taylor Estate v. DVA Renal Healthcare, Inc.,* No. 08-0406, 2008 WL 5586615 (W.D. La. October 24, 2008), the Court found a special administratrix of the estate should be dismissed as a plaintiff since she was not a proper party to pursue the claim under the wrongful death or survival action in the Civil Code articles.

The Court also found that prescription was interrupted in the case due to the filing of suit by a child of the deceased.  There is no filing in this case by anyone other than Stowe, who has

4

no right to bring the claim.  Therefore, Defendants are also entitled to summary judgment against Stowe based on prescription.

**III.     CONCLUSION**

For the reasons set forth herein,

The Motion for Summary Judgment [Doc. No. 13] filed by Defendants Oliver and Corrales is GRANTED, and Stowe's claims are DISMISSED WITH PREJUDICE.

MONROE, LOUISIANA, this 5th day of October 2021.

TERRY A. DOUGHTY
UNITED STATES DISTRICT JUDGE